Lotz, C. J.
The appellant sued the appellee to recover damages on account of personal injuries alleged to have been caused by its negligence.
It appears, from the special verdict, that on the 7th day of July, 1892, the appellee controlled and operated a railroad extending from the city of Attica to the city of Covington. About three miles south of Attica there is a gravel bank near the line of said road, with a switch extending from the main line to said bank. On said day the appellee was engaged in removing gravel from said bank by causing it to be loaded upon flat cars by means of a steam shovel and persons employed to assist in such work. In making such removal the appellee would cause a train of flat cars to be backed from the main line on said switch and into said bank. For six years *212 prior to said day, the appellant was in the employ of the appellee as a section hand, which work was his sole duty under his employment. As such hand, he was, on said day, engaged in repairing said main line at a point about one and one-fourth miles north of the gravel bank, and was under the direction and control of one Ned Harty, the section boss or foreman.
It is further found that while so engaged at work at said point the appellee caused a train of about thirty-five flat cars to be backed southward on said main track and caused said train to stop so that the south or forward car came to a stop opposite where the appellant was engaged at work, whereupon the boss or foreman directed and commanded appellant to get upon the south or forward car, and go to said gravel bank and take the place and do the work for that day of one of the steam shovel men who was absent; that in obedience to said direction and command of said Harty, who was then and there in relation to said matter acting under orders from appellee’s road-master, appellant got upon said car; that the top or floor of said car was covered with dirt or gravel; that appellee’s clothing was wet with perspiration; that appellant took a position standing in the center of said car; that the engineer of the locomotive then backed said train with said locomotive in the direction of the gravel bank for the purpose of placing the cars upon the switch to be loaded; that said cars and locomotive were backed at the rate of about eight miles per hour, and when said train had run about one and one-fourth miles toward said gravel bank, and at a point about one-fourth of a -mile north of said switch, the engineer, without giving any signal or warning, applied the air brakes on the locomotive, causing it to stop suddenly; that said train of cars bad loose, slack and worn couplings and connections, and the cars were the usual and ordinary flat cars used upon *213 said road in said work; that the stopping of the locomotive in the manner aforesaid caused the carupon which the appellant was standing as aforesaid to come to a' stop with a violent reaction and jerk, and caused appellant to be violently-thrown forward over the corner of the front end of the car on which he was riding, and severely injured; that the car upon which he was standing was an open flat car without sideboards, seats, or any sufficient means by which he could prevent or piotect himself from falling off said car in the event of a sudden jar or jerk; that the appellee had knowledge of the character and condition of the car upon which the appellant was standing,, and of the conditions of the couplings and connections; that appellant was not aware that he was liable to be thrown from the car, and that he exercised reasonable and ordinary care in taking a position in the center of said car; that the conductor of said train was not with it when the appellant was hurt; that the engineer did not give any signal that he intended to stop the train; that the proper way to stop said train was to set four brakes on the rear end of said train, but that only two were set when the crash came,' preventing the setting of any more.
The court rendered a judgment in favor of the appellee, on the verdict, and this ruling presents the material question for our consideration.
It will be observed that the appellant was not injured while engaged in work beyond the sphere of his employment, but while being transported to the place where he was directed to work. The master is bound to furnish his servant with a reasonably safe place in which to work, and suitable machinery and appliances, and, when he is transported from one place to another, safe means of transportation. If the master or other person standing in the relation of superior or vice principal orders the servant into the position of greater danger than ex *214 ists in the ordinary course of his employment, and which he would not otherwise have incurred, and he obeys and is thereby injured, the master is liable unless the danger is so apparent that to obey would be an act of recklessness. Miller v. Union Pacific R. W. Co., 17 Fed. Rep. 67.
Filed Nov. 13, 1894.
There is no finding that in riding upon a fiat car in being transported from one place to another was extra hazardous, unusual, or beyond the scope of appellant’s employment. For aught that appears, he may have been required to ride upon a flat car in being carried from place to place as a section hand. Nor is there any finding that the cars or means used were unsafe or dangerous. The fact that the cars may have had loose, slack and worn couplings is not equivalent to finding that they were defective or dangerous. A degree of looseness in the couplings was essential to the operation of the train. The “worn” condition may have been slight and insignificant for aught that appears.
The conduct of the engineer in applying the airbrakes or “jammers” without giving any signals or warning does not necessarily constitute actionable negligence on the part of the company. There is nothing found from which it appears that either the law or the rules of the company required signals to be given before the brakes were applied at this point.
Nor is there any finding here that the engineer was negligent or unskillful. In the absence of all these essential facts there was no error in overruling the motion.
Judgment affirmed at the costs of appellant.